Emily B. Blanchard v. Commissioner.
Blanchard v. Commissioner
Docket No. 28160.
United States Tax Court
1951 Tax Ct. Memo LEXIS 63; 10 T.C.M. (CCH) 1036; T.C.M. (RIA) 51342; October 24, 1951
*63 Herbert A. Einhorn, Esq., for the petitioner. John F. Rogers, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $2,088.08 in the income tax of the petitioner for 1946. The issues for decision are whether the petitioner is entitled to a deduction of $7,500 representing a bad debt and deductions for interest, taxes, legal fees and expenses of carrying on a business as a writer. Findings of Fact The petitioner filed her individual income tax return for 1946 with the collector of internal revenue for the third district of New York. She reported adjusted gross income of $9,341, claimed deductions in excess of that amount and showed no tax due. The Commissioner disallowed, for lack of substantiation, a deduction of $7,500 for bad debts, a deduction of $1,450 for interest, a deduction of $875 for taxes and a deduction of $1,850 for expenses or a total of $11,675. The petitioner, during 1946, paid interest in the total amount of $1,574.22 on money borrowed. She paid real estate taxes during 1946 of $887.36 which were not assessed against local benefits of a kind tending to increase the value of the *64 property. The petitioner, during 1946 and for sometime prior thereto, was regularly engaged in the business of writing for publication to earn money. She expended, during 1946, for stationery and other supplies incident to her business $200. She lived for more than half of the year 1946, the exact time not disclosed by the record, in a three-room apartment in the Hotel Blackstone in New York City. The apartment consisted of a bedroom, a living room and a third room, smaller than the other two, which she used in connection with her writing. The rent for this apartment was $250 a month. A reasonable allocation to business use of the total rent paid for the apartment during the time it was occupied in the year 1946 is $500. The petitioner met John Emmett Carr in the late spring of 1945. He interested her in preparing an adaptation of Henrik Ibsen's "Ghosts" for production on the stage. They collaborated in the preparation of the adaptation. The petitioner entered into an agreement on July 10, 1945 pursuant to which she invested $2,500 in the theatrical production of "Ghosts". The record does not show that the investment became worthless in 1946. The petitioner, in 1945, delivered *65 $5,000 to Carr to be invested by him in obtaining for the petitioner an interest in the dramatic rights to a published book. The record does not show that the $5,000 delivered in 1945, whether an investment or a loan, became worthless in 1946. The petitioner and Carr were married on November 14, 1945. The petitioner began a proceeding in June 1946 to have the marriage annulled and it was annulled in September 1946. The petitioner paid an attorney $600 in 1946, $400 of which was an ordinary and necessary expense of her business. Opinion MURDOCK, Judge: There is evidence sufficiently predominating in favor of the petitioner to show that she is entitled to a deduction for 1946 of $1,574.22 for interest paid and to a deduction of $887.38 for taxes paid. It also shows that she spent a part of her time during 1946 in writing for publication although she described her income from that occupation as "sporadic". She estimated some miscellaneous expenses for supplies of $200 and a deduction in that amount has been allowed. She claimed a deduction of $1,050 as an ordinary and necessary expense of her business for 1946 representing a part of the rent which she paid for a three-room apartment *66 in the Hotel Blackstone. The evidence shows that the apartment was used to some extent for business purposes. However, she did not say just how long she occupied that apartment during 1946 or what the total amount of rent paid during that year was. The Court, being unable to determine with reasonable accuracy the part of the rent which was paid for business use of the partment, has followed the admonition of the Court in , and has made an allocation, bearing more heavily on the taxpayer who had the burden of proof. A similar situation arises in connection with a fee of $600 paid to an attorney in 1946. The petitioner was not able to say that no part of the fee had been paid in connection with the annulment of her marriage, a personal expense, and, therefore, the Court, with little or nothing to rely upon, has been forced to make an allocation of the total fee. The petitioner claimed a deduction of $7,500 as a bad debt owed her by Carr. The evidence shows that $2,500 of that amount was not a debt but an investment and it fails to show that the investment became worthless in 1946. She also delivered $5,000 to Carr in 1945 and the *67 evidence is not entirely clear whether that was an investment or a loan. The petitioner insisted, however, that it was an investment. The question of just what it was need not be decided because, whatever it was, its deductibility in 1946 has not been shown. Although the petitioner apparently lost $7,500, nevertheless, this Court can not find that she is entitled to any deduction in that connection for 1946 in the absence of evidence that the loss occurred in 1946. Decision will be entered under Rule 50.